UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN PERNELL VERRETTE                          CIVIL ACTION

VERSUS                                         NUMBER: 07-9202

RICHARD L. STALDER, ET AL.                     SECTION: "A"(5)

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se and in forma pauperis plaintiff, Juan Pernell Verrette, has named as defendants: Richard Stalder, Secretary of the Louisiana Department of Corrections; Jeffrey Travis, Warden of Rayburn Correctional Center ("RCC"); RCC officials, Kathleen McGinnis, Bessie Carter, Bobbi Jo Breland, Ivy Morris, and, K. Seals; Craig Webre, Sheriff of Lafourche Parish; R.J. Mathern, Lafourche Parish Parole Officer; Venetia Michael, Warden of Wade Correctional Center; Cornel Hubert, Warden of Hunt Correctional Center; Hunt Correctional Center official, Wanda Matthews; and the LSU Hepatitis Staff. Plaintiff alleges that he was unlawfully held in custody by the Louisiana Department of Corrections nine or ten months past his discharge

date and that he was refused treatment for his hepatitis.

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

Initially, the court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state conviction or confinement. When a state prisoner attacks the very

fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. <u>Caldwell v. Line</u>, 676 F.2d 494 (5th Cir. 1982); <u>Richardson v. Fleming</u>, 651 F.2d 366 (5th Cir. 1981); <u>Johnson v. Hardy</u>, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that he was held by the Louisiana Department of Corrections nine to ten months past the expiration of his term of imprisonment.[1] Such an allegation clearly challenges

---

[1]Plaintiff admits, however, that this alleged error on the part of the Louisiana Department of Corrections did not result in

the duration of his confinement, a proper habeas corpus issue which cannot be addressed until plaintiff has exhausted available state court remedies with respect to such an allegation. <u>McGrew v. Texas Board of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994); <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994); <u>Hernandez v. Spencer</u>, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having exhausted his state court remedies by attaining a judgment from the Louisiana Supreme Court, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.[2]

The Court now turns its attention to plaintiff's claim for monetary damages under §1983. Plaintiff seeks, in compensatory, punitive and general damages, a total award of $1,350,000.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a

---

an actual delay in his release from custody since a detainer had been issued against him by Lafourche Parish officials.

[2]In response to the Court's order (rec. doc. 16) to submit copies of his state court habeas pleadings, plaintiff merely informs that he "gave the writ of habeas corpus challenging my unconstitutional confinement beyond my release date ... to the guard working [at] Rayburn Corr. Center...." (Rec. doc. 26).

4

state conviction or confinement that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. Clearly, plaintiff's claim, that he was unlawfully held nine to ten months past his release date, calls into question the validity of his confinement and, therefore, is prohibited under <u>Heck</u>.

In addition to his complaint that he was held in custody nine to ten months past his release date, plaintiff complains that he was denied medical treatment in connection with his hepatitis while in the custody of the Louisiana Department of Corrections. Following plaintiff's transfer, pursuant to a detainer placed against him, to the Lafourche Parish jail, plaintiff states that he has been getting medication for his hepatitis and that he has been informed by his treating physician that his condition is "stable". <u>See</u> Rec. doc. 16, p. 3.

Denial of medical care amounts to punishment and is actionable under §1983 when prison personnel are deliberately indifferent to a prisoner's serious medical needs. <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 648-49 (5th Cir. 1996); <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." <u>Norton</u>, 122 F.3d at 291.

5

A prisoner's disagreement with the course of medical treatment he received does not state a claim for indifference to medical needs. <u>Norton</u>, 122 F.3d at 291 (citing <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985)). Further, in order for an allegation of delayed medical treatment to state a viable claim under §1983, the delay must have been caused by deliberate indifference and resulted in substantial harm to the plaintiff. <u>See</u> <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 193 (5th Cir. 1993).

A review of plaintiff's medical records reveals no evidence that plaintiff was ever denied medical care in connection with his hepatitis. At most, any needs associated with plaintiff's hepatitis may have been temporarily eclipsed by the medical needs associated with a head injury plaintiff sustained, requiring his hospitalization for a period of eight weeks. However, a prioritization of medical needs, resulting in a possible delay in treatment, does not rise to a constitutional violation where there is no evidence of deliberate indifference on the part of prison officials resulting in substantial harm. <u>See</u> <u>generally</u> <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993).

Additionally, plaintiff has named as a party defendant the "LSU Hepatitis Staff". Plaintiff's claims against the LSU Hepatitis Staff are subject to dismissal as the LSU Hepatitis Staff is not a legal entity capable of standing in judgment pursuant to

6

either 42 U.S.C. §1983 or Fed.R.Civ.P. 17.  See generally Rollins v. Bickham, 2006 WL 4029580, *3 (E.D. La. 2006); see also Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970)).  LSU Hepatitis Center is neither a person nor a legal entity against whom judgment can be rendered.

Accordingly;

**RECOMMENDATION**

It is hereby recommended that plaintiff's complaint asserting claims pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous and/or for failure to state a claim under 28 U.S.C. §1915(e)(2) or under Heck.

It is further recommended that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

7

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __9th__ day of _____January_____, 2009.

>                     _____
>                     UNITED STATES MAGISTRATE JUDGE